OPINION
PER CURIAM.
Wilson Aguilar petitions for review of the Board of Immigration Appeals’ (“BIA”) final order of removal. For the *692 reasons that follow, we will deny the petition.
I.
Aguilar, a native and citizen of Honduras, entered the United States without inspection in May 1998. In May 2003, he married Reyna de Los Angeles Molina, a Salvadorian national with Temporary Protected Status (“TPS”) under 8 U.S.C. § 1254a. In August 2006, the Department of Homeland Security issued Aguilar a Notice to Appear, charging him with being subject to removal pursuant to 8 U.S.C. § 1182(a) (6) (A) (i). A few weeks later, Aguilar applied for TPS based on his status as Molina’s spouse. In January 2007, U.S. Citizenship and Immigration Services (“USCIS”) denied Aguilar’s TPS application. USCIS concluded that Aguilar submitted his application after the initial registration period (i.e., after September 9, 2002), and that he failed to qualify for late initial filing under 8 C.F.R. § 244.2 because he was not married to a TPS registrant at the time of the initial registration period.
Aguilar subsequently renewed his request for TPS in his removal proceeding before the Immigration Judge (“IJ”). He argued that 8 C.F.R. § 1244.2 — the Executive Office for Immigration Review’s applicable regulation, which is identical to § 244.2 — required that he be married to a TPS registrant at the present time, not at the time of the initial registration period. The IJ rejected this argument, concluding that the regulation required an applicant to be married to a TPS registrant at the time of the initial registration period. Accordingly, the IJ denied Aguilar’s TPS application and ordered his removal from the United States. The BIA affirmed on appeal, agreeing with the IJ’s reading of the regulation. Aguilar now petitions this Court to review the BIA’s decision.
II.
We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Although we exercise de novo review over constitutional claims and questions of law, Yusupov v. Att’y Gen. of the U.S., 518 F.3d 185, 197 (3d Cir.2008), we must afford appropriate deference to an agency’s interpretation of its own regulations. See Abdulai v. Ashcroft, 239 F.3d 542, 552 (3d Cir.2001). Indeed, we have held that “[a]n agency’s interpretation of its own regulation is ‘controlling ... unless it is plainly erroneous or inconsistent with the regulation.’ ” Id. (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)).
Aguilar challenges the BIA’s affirmance of the IJ’s interpretation of § 1244.2. This section provides that an alien may be granted TPS if he, inter alia,
(f)(1) Registers for Temporary Protected Status during the initial registration period announced by public notice in the Federal Register, or
(2) During any subsequent extension of such designation if at the time of the initial registration period:
(i) The applicant is a nonimmigrant or has been granted voluntary departure status or any relief from removal;
(ii) The applicant has an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from removal which is pending or subject to further review or appeal;
(iii) The applicant is a parolee or has a pending request for reparole; or

(iv) The applicant is a spouse or child of an alien currently eligible to be a TPS registrant.

8 C.F.R. § 1244.2(f)(1), (2) (emphasis added). Aguilar argues that the language “at the time of the initial registration period” applies to subparagraphs (i), (ii), and (iii), *693 but not (iv) because only this last subpara-graph is worded in the present tense. This interpretation is completely at odds with the plain language of the regulation, as each subparagraph is worded, at least in part, in the present tense, and there is nothing in the regulation suggesting that “at the time of the initial registration period” does not apply to each subparagraph. Although Aguilar alternatively argues that the regulation is ambiguous and therefore should be construed in his favor, we believe there is no such ambiguity. We conclude that the BIA did not err in affirming the IJ’s interpretation of this regulation.
Aguilar’s constitutional claims also lack merit. He first argues that § 1244.2 violates due process because it is void for vagueness. Even assuming that he can raise such a challenge, see Huarcaya v. Mukasey, 550 F.3d 224, 230 (2d Cir.2008) (per curiam) (noting that petitioner’s “ability to maintain a void-for-vagueness challenge to a civil regulation that provides immigration benefits is not clear”), his claim fails because § 1244.2’s meaning is clear. He also contends that the regulation violates the Equal Protection and Due Process Clauses of the Fifth Amendment because it differentiates between aliens who were married at the time of the initial registration period and aliens who were married at the time of the late registration period. “[Disparate treatment of different groups of aliens triggers only rational basis review under equal protection doctrine.” DeSousa v. Reno, 190 F.3d 175, 184 (3d Cir.1999). We have stated that, “[u]nder this minimal standard of review, a classification is accorded ‘a strong presumption of validity’ and the government has no obligation to produce evidence to sustain its rationality.” Id. (quoting Heller v. Doe, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). Moreover, “[o]nce a facially legitimate reason for the classification is found ... we must rule the classification constitutional.” Id.
In support of § 1244.2’s constitutionality, the Government asserts that the regulation
help[s] to promote family unity among those family members who were otherwise eligible for TPS, but were not included on the initial registration application. It was not wholly irrational to exclude aliens who married TPS registrants after the initial registration period because those aliens were not left off the initial application. By limiting the late registration exception to aliens who were spouses at the time of the initial registration period, the INS promoted family unity without encouraging abuses of the system, such as entering into marriage solely to benefit from the late TPS registration.
(Brief for Respondent at 22.) We conclude that this reasoning is facially legitimate, and therefore uphold the regulation’s distinction between aliens married during the initial registration period and aliens married during the late registration period.
In light of the above, Aguilar’s petition for review will be denied. Aguilar’s “Motion for Emergency Stay of Removal/Deportation/Exclusion” and motion for oral argument are also denied.